IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RICARDO VILLALTA,

    *Plaintiff*,

v.

MARK HARRELL,

    *Defendant.*

Case No. 2:25-cv-00207-KFP

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR MORE DEFINITE STATEMENT**

Defendant Harrell's motion for a more definite statement (Doc. 12) should be denied. Plaintiff Villalta's 20-page complaint clearly gives fair notice of his claim—Harrell jailed Villalta for 27 days without cause and in violation of Villalta's rights.

## ARGUMENT

**I.    Motions for a more definite statement are disfavored.**

Procedural Rule 8 only requires a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. R. Civ. P. 8. A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1

Due to that fair notice requirement, "motions for more definite statements are generally disfavored by courts and are granted only when the plaintiff's pleading is so unintelligible that the defendant 'cannot respond, even with a simple denial, in good faith or without prejudice to himself.'" *Price v. Houston County Healthcare Authority*, 2015 WL 2029467 (M.D. Ala. 2015) (quoting *Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels*, 352 F.Supp.2d 1218, 1221 (S.D. Ala. 2005); *see* also Charles Alan Wright, et al., 5C Fed. Prac. & Proc. Civ. § 1376 (3d ed.). Procedural Rule 12(e) is therefore "intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Braswell v. Bow Plumbing Group, Inc.*, 2021 WL 4134814 (M.D. Ala. 2021) (quoting *Euro RSCG Direct Response, LLC v. Green Bullion Fin. Serv.*, 872 F. Supp. 2d 1353, 1358 (S.D. Fla. 2012)). "[A] motion for more definite statement is not to be used to assist in getting the facts in preparation for trial as such. Other rules relating to discovery, interrogatories and the like exist for this purpose." *Id*. (quoting *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)).

II.     **Villalta's complaint provides fair notice.**

Nothing about Villalta's complaint is "unintelligible" or so head-scratching that Harrell "cannot respond, even with a simple denial." The complaint clearly provides fair notice of the facts undergirding Villalta's claims—he was jailed for 27 days when he should have been a free man. Villalta claims that unlawful detention

violated his Constitutional rights (Counts 1 and 2); that it was false imprisonment under Alabama law (Count 3); and that Harrell acted negligently and wantonly in detaining Villalta (Counts 4 and 5). Nothing about that is vague, and Harrell's grievances are exactly the kinds of complaints that courts in this district disfavor. Even so, Villalta addresses the numbered substantive paragraphs in kind:

  3.  Harrell says the following complaint allegations are vague to the point that he cannot intelligibly craft a response:

- The Sheriff's Office has no power to issue an ICE Detainer. (Doc. 1 ¶ 13).

- The ICE Detainer must be requested by ICE. (Doc. 1 ¶ 15).

- Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell caused an ICE Detainer to be issued against Mr. Villalta, which was intended to deprive Mr. Villalta of his liberty. The ICE Detainer was issued without probable cause to believe that Mr. Villalta was unlawfully in the United States. (Doc. 1 ¶ 63).

- The issuance of the ICE Detainer constituted an unreasonable seizure and deprivation of life and liberty in violation of Mr. Villalta's Fourth and Fifth Amendment rights and in violation of Due Process. (Doc. 1 ¶ 66).

Nothing about those allegations, independently or together, is so unintelligible that Harrell cannot respond with a simple denial (or admission).

  Nor are the allegations contradictory to one another. Indeed, although Harrell may not be able to *issue* the detainer, he can "cause" one to be issued by, for example, contacting ICE and informing that agency that an undocumented individual was in

his possession. Harrell's complaints are proper issue to be addressed in discovery, not through a motion for a more definite statement.

4. Harrell argues that, "if Villalta was [previously] arrested by the Prattville Police Department, Sheriff Harrell cannot be held liable for unlawful arrest for an arrest conducted by a separate and distinct law enforcement entity." (Doc. 12 ¶ 4). This is an obvious non-sequitur—that Villalta was *previously* arrested by the Prattville Police Department in no way means Harrell could not have arrested him later. "Arrest" simply means "a seizure or forcible restraint, esp. by legal authority," *Back's Law Dictionary* (12th ed. 2024), and Villalta obviously could have been "arrested" twice.

5. Harrell says, "Plaintiff alleges five distinct duties that run the gamut from following the Constitution to not discriminating on the basis of race to proper training of subordinates, any one of which could be his real purported basis for liability under this single claim of negligence." (Doc. 12 ¶ 5). This argument hardly justifies a response—Villalta can certainly claim that Harrell had multiple duties and that he violated each of them in multiple ways; he need not choose any one of them.

6. Harrell's next criticism is that he "needs to know [what] Plaintiff alleges [Harrell] consciously did with an awareness of the possible injuries that would result." (Doc. 12 ¶ 8). This is obvious—he jailed Villalta without cause for 27 days—

4

and it cannot be seriously disputed that wrongful imprisonment would cause damages.

7. Harrell says that "Plaintiff should amend his complaint to remove any allegations against Sheriff Harrell in his official capacity." (Doc. 12 ¶ 7). This is an improper basis for a motion for a more definite statement—if official capacity claims are not cognizable, then that argument is proper for a motion to dismiss or for summary judgment.

8. Similarly, Harrell says that Villalta's Fifth Amendment claim is not cognizable against him, and, presumably, Villalta should amend his complaint to reflect that. (Doc. 12 ¶ 7). Again, that argument is proper for a motion to dismiss or for summary judgment; not for a motion for a more definite statement.

## CONCLUSION

Defendant Harrell's motion for a more definite statement (Doc. 12) should be denied. Nothing about Villalta's complaint prohibits Harrell's filing of a simple denial, and any grievance he may have is proper for discovery or the filing of a different kind of motion.

Dated:      June 30, 2025.

                                                  */s/ Sigfredo Rubio*
                                                  Sigfredo Rubio (ASB-5403-D62R)
                                                  Attorney for Ricardo Villalta

>RUBIO LAW FIRM, P.C.
>490 Wildwood N. Circle, Suite 150
>Birmingham, AL 35209
>Phone: (205) 443-7858
>frubio@rubiofirm.com
>
>*/s/ Taylor Rouse*
>Taylor Rouse (ASB-8709-R53M)
>Attorney for Ricardo Villalta
>RYAN & ROUSE, LLC
>525 Madison Street SE, Suite 210
>Huntsville, AL 35801
>Phone: (256) 801-1000
>taylor@alabamalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

FRED L. CLEMENTS, JR. (ASB-5682-R39C)
Attorney for Defendant Mark Harrell
WEBB MCNEILL FRAWLEY PC
One Commerce Street, Ste. 700 (36104)
Post Office Box 238
Montgomery, Alabama 36101-0238
(334) 262-1850 – T
(334) 262-1889 – F
fclements@wmwfirm.com

>*/s/ Taylor Rouse*
>Taylor Rouse

6