IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICARDO VILLALTA, an individual, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO.: 2:25-cv-00207-KFP |
| MARK HARRELL, in his individual and official capacity ) ) ) ) | |
| Defendants. ) | |

**DEFENDANT SHERIFF MARK HARRELL'S REPLY TO PLAINTIFF'S OPPOSITION TO HIS MOTION FOR A MORE DEFINITE STATEMENT**

COMES NOW Defendant Sheriff Mark Harrell, Defendant in the above-styled cause, and respectfully replies to Plaintiff's Opposition to Defendant's Motion for a More Definite Statement (Doc. 17). Sheriff Harrell respectfully shows this Court the following:

1. As a preamble to his substantive argument, Plaintiff points out that a Rule 12(e) Motion for a More Definite Statement is not to be used as a tool for eliciting more details about a complaint. (Doc. 17, pp. 1–2.) Sheriff Harrell certainly does not disagree with this statement of law and indeed cited this same principle himself. (Doc. 12, ¶ 2.) However, this principle is of limited relevance because Sheriff Harrell is not seeking to learn *more* details about Plaintiff's allegations but to make sense of those details that are already present.

1

2. This Court recently held that "[t]he standard for granting a Rule 12(e) motion focuses on whether the pleading is unintelligible, rather than lacking in detail," *Vanderpool v. Smoak*, No. 1:25-CV-187, 2025 WL 1800203, at *2, slip op. (M.D. Ala. June 30, 2025), and these are precisely the grounds on which Sheriff Harrell rested his Motion. In his Motion, Sheriff Harrell repeatedly points out the ways in which the contradictions on the very face of Plaintiff's Complaint render it unintelligible and he simply asks for clarification as to which of the allegations *already in the Complaint* Plaintiff intends to assert. (Doc. 12, ¶¶ 3–6.) Put differently, Sheriff Harrell's Motion does not assert that Plaintiff's Complaint is deficient for "lacking in detail," *Vanderpool*, 2025 WL 1800203, at *2, but, instead, that it contains a surfeit of details that contradict each other. (Doc. 12, ¶¶ 3–6.) The truth of this characterization can be seen in the frequency with which Sheriff Harrell's Motion cites an allegation in the Complaint and then also cites another allegation – also in the Complaint – that diametrically contradicts it, such as the alleged simultaneous existence and non-existence of the ICE detainer. (Doc. 12, ¶ 3.)

3. Still in his preamble, Plaintiff cites this Court for the proposition that a Motion for a More Definite Statement is "not to be used to assist in getting the facts," *Braswell v. Bow Plumbing Group, Inc.*, No. 2:21-cv-25, 2021 WL 4134814, at *1 (M.D. Ala. Sept. 10, 2021), and, indeed, that was not the basis of Sheriff Harrell's Motion; instead of trying to *get* the facts, Sheriff Harrell simply wants Plaintiff to

tell him which of his contradictory versions of the facts he intends to use as a basis for liability, which is precisely when a court should grant a Rule 12(e) motion. *Vanderpool*, 2025 WL 1800203, at *2.

4. The federal pleading standard is quite liberal, as the Eleventh Circuit has repeatedly recognized, *e.g.*, *Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1337 (11th Cir. 2024), but, throughout his Opposition, Plaintiff misconstrues the degree of such liberality. Although the Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), there is, necessarily, an outer limit to what this standard allows. The Eleventh Circuit has parsed Rule 8 as requiring a "short and plain statement of the [plaintiff's] claim, which gives the defendant fair notice of what the plaintiff's claim is **and the grounds upon which it rests**." *Winther v. U.S. Steel Corp.*, 852 Fed.Appx. 482, 484 (11th Cir. 2021) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (emphasis added). Put differently, to satisfy even the liberal federal pleading standard, a plaintiff must still allege a legal element and a factual element. *See id.* Certainly, Plaintiff has given fair notice of his ultimate *legal* claims – Fourth, Fifth, and Fourteenth Amendment violations, and various state law tort claims – but he has failed the second prong of the test. As set out more fully in Sheriff Harrell's Motion, (Doc. 12, ¶¶ 3–6), the significant contradictions that run throughout the Complaint prevent Sheriff Harrell from receiving fair notice of the

3

*factual grounds* on which the *legal* claims rest, which fails to satisfy even the liberal federal pleading standard. *Winther*, 852 Fed.Appx. at 484. Plaintiff betrays his misconception of the federal pleading standard when he claims that "[t]he complaint clearly provides fair notice of the facts undergirding [his] claims—he was jailed for 27 days when he should have been a free man." (Doc. 17, p. 2.) It is not "fair notice" for Plaintiff to clearly state his *legal* claims and then follow them up with a slew of contradictory *factual* assertions, on the theory that – somewhere in that grab bag – Sheriff Harrell has been presented with the true factual basis and can reconstruct the real claim. Thus, although Plaintiff is correct that the federal pleading standard requires only fair notice of the claims, this standard is not so liberal as to permit a Complaint as deficient as Plaintiff's and a more definite statement is appropriate.

5. Plaintiff's attempts to rebut Sheriff Harrell's arguments one-by-one are similarly unavailing. First, it is significant that this Court ordered Plaintiff to "show[] cause why [Sheriff Harrell's motion] should not be granted," (Doc. 15), yet he did not even attempt to rebut Sheriff Harrell's point that the Complaint is inconsistent as to whether an ICE detainer existed at all. (Docs. 12, ¶ 3; 17.) Therefore, at the very least a more definite statement is required on this point.

6. Second, he once again asks this Court to believe that "[t]he Sheriff's Officer has no power to issue an ICE Detainer" and "Sheriff Harrell caused an ICE Detainer to be issued" are sufficiently clear as to put Sheriff Harrell on notice of the

claims against him. (Doc. 17, p. 3.) Plaintiff attempts to reconcile these two propositions but, in doing so, only underscores why a more definite statement is appropriate. Plaintiff claims that Sheriff Harrell "may not be able to issue the detainer, [but] he can cause one to be issued by … contacting ICE and informing that agency that an undocumented individual was in his possession."[1] (Doc. 17, pp. 3–4.) There are two reasons that this "explanation" – far from obviating the need for a more definite statement – actually argues in favor of one. First, Plaintiff was able to advance a plausible explanation for his use of the word "cause," but he cannot escape the fact that the word's plain meaning still leaves the Complaint susceptible to interpretation as alleging that Sheriff Harrell was imbued with some authority to issue an ICE detainer. (Doc. 1, ¶ 63.) The very fact that Plaintiff was able to put forward an explanation so at odds with another reasonable interpretation of the plain language shows why a more definite statement is warranted. Second, even accepting this distinction between the *issuance* of the ICE detainer and the *causation of the issuance*, the Complaint still states that "[t]he issuance of the ICE Detainer constituted an unreasonable seizure and deprivation of life and liberty in violation of Mr. Villalta's Fourth and Fifth Amendment rights." (Doc. 1, ¶ 66.) This assertion comes under the heading "Count One – Fourth and Fifth Amendment Violation"

---

[1] This is also at odds with Plaintiff's assertion that "[t]he Sheriff's Office has no independent way to verify whether an individual is lawfully or unlawfully present in the United States." (Doc. 1, ¶ 14.)

against the only named defendant in this case, Sheriff Harrell. (*Id.*) If Plaintiff means to allege that it was the *issuance* that violated his Fourth and Fifth Amendment rights and only ICE can issue such detainers, why even mention it in this lawsuit against Sheriff Harrell, who may not have had any power to do so? Sheriff Harrell simply seeks a more definite statement to clarify the contradictions that are on the face of the Complaint so he has fair notice as to Plaintiff's alleged bases for imposing liability on him. *Winther*, 852 Fed.Appx. at 484.

7. Third, Plaintiff misconstrues the nature of Sheriff Harrell's objection to the allegations regarding his arrest. Plaintiff asserts that the fact that he "was *previously* arrested by the Prattville Police Department in no way means Harrell could not have arrested him later." (Doc. 17, ¶ 4.) Yet, in his Motion, Sheriff Harrell was clear that his point is simply that Plaintiff's Complaint alleged multiple arrests by multiple entities and he simply wishes to confirm which one is used as a basis of alleged liability against him. (Doc. 12, ¶ 4.)

8. Fourth, Plaintiff has not addressed the deficiencies in his negligence claim. The Eleventh Circuit has held that a claim is properly dismissed as a shotgun pleading if it "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cnty. Sheriff's Dep't*, 792 F.3d 1313, 1323 (11th Cir. 2015). Plaintiff's negligence claim – as it currently stands – is just this sort of shotgun pleading because the wide range of alleged duties that Sheriff

6

Harrell referred to in his Motion, (Doc. 12, ¶ 5) suggest he is alleging distinguishable causes of action under the general heading of negligence. For example, under the single heading of negligence, Plaintiff alleges that Sheriff Harrell had a duty "to act reasonably and with care for the rights and safety of others," (Doc. 1, ¶ 83), which sounds like the general common law tort of negligence. *E.g.*, *Johson v. Wells Fargo Bank, NA*, No. 2:14-cv-1145, 2016 WL 2849450, at *4 (M.D. Ala. Apr. 14, 2016) (quoting *Crown Inv. v. Bryant*, 638 So.2d 873, 878 (Ala. 1994)). However, under the same single count of negligence, Plaintiff also alleged that Sheriff Harrell "had a duty to properly and reasonably hire, train, supervise, and retain their deputies, employees, and/or agents," (Doc. 1, ¶ 87), which is reasonably interpreted as Plaintiff's attempt to allege the qualitatively different torts of negligent hiring, negligent supervision, and negligent training. *Poplin v. Bestway Express*, 286 F.Supp.2d 1316, 1318 (M.D. Ala. 2003) (distinguishing the torts of negligent hiring, negligent training, and negligent supervision). Thus, as it currently stands, Plaintiff's negligence claim is a shotgun pleading for the way it seemingly states multiple causes of action in a single claim. *Weiland*, 792 F.3d at 1323. Sheriff Harrell raised these deficiencies in his Motion, (Doc. 12, ¶ 5), but Plaintiff has not heeded this Court's order to show cause why a more definite statement is not appropriate. (Doc. 15.)

9. Plaintiff's attempt to show why a more definite statement as to his wantonness claim is not warranted is similarly unavailing. Such a claim requires a showing that Sheriff Harrell "consciously and intentionally did some wrongful act or omitted some known duty," *Eaton v. Westrock Coated Bd., LLC*, 601 F.Supp.3d 1206, 1212 (M.D. Ala. 2022), and yet Plaintiff's wantonness claim is simply a recitation of various alleged duties before jumping to the conclusion that Sheriff Harrell was wanton. (Doc. 1, ¶¶ 90–96.) The crux of Sheriff Harrell's Motion is that he needs a more definite statement in order to know which *actions* Plaintiff alleges he consciously or intentionally did that resulted in Plaintiff's alleged over-detainment. (Doc. 12, ¶ 6.) In his Opposition, Plaintiff does not address this flaw: he states that the alleged basis for his claim is "obvious — [Sheriff Harrell] jailed Villalta without cause for 27 days," (Doc. 17, ¶ 6), but this is simply restating the ultimate conclusion without providing any fair notice as to allegations about Sheriff Harrell's conscious or intentional conduct that produced this alleged result.

10. Finally, Plaintiff opposes Sheriff Harrell's assertions that, in amending his Complaint, Plaintiff should remove some claims that have no viable chance of success. (Doc. 17, ¶¶ 7–8.) Sheriff Harrell included these points in his Motion for a More Definite Statement on the theory that all parties and the Court will be well served by streamlining and focusing on the claims before this Court to assure a prompt resolution of this matter.

8

WHEREFORE PREMISES CONSIDERED, Sheriff Harrell respectfully moves this Court to enter an order compelling Plaintiff to file a more definite statement of his claims under Rule 12(e).

Respectfully submitted this the 9th day of July, 2025.

**/s/Fred L. Clements, Jr.**
FRED L. CLEMENTS, JR. (asb-5682-r39c)
Attorney for Defendant Mark Harrell
WEBB MCNEILL FRAWLEY PC
One Commerce Street, Ste. 700 (36104)
Post Office Box 238
Montgomery, Alabama 36101-0238
(334) 262-1850 – T
(334) 262-1889 – F
fclements@wmwfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Sigfredo Rubio
Jason Yearout
RUBIO LAW FIRM, P.C.
490 Wildwood N. Circle, Suite 150
Birmingham, AL 35209
(205) 443-7858
frubio@rubiofirm.com
jyearout@rubiofirm.com

F. Taylor Rouse
RYAN & ROUSE, LLC
525 Madison Street SE, Suite 210
Huntsville, AL 35801
(256) 801-1000
taylor@alabamalaw.com

                    **/s/ Fred L. Clements, Jr.**
                    OF COUNSEL