IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICARDO VILLALTA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 2:25-CV-207-KFP |
| MARK HARRELL, | ) ) ) |
| Defendant. | ) ) |

### **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Mark Harrell's Motion for More Definite Statement. Doc. 12. The motion is fully briefed and ripe for review. Upon consideration of the parties' filings, the Court finds that the motion is due to be granted.

### **I. STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement . . . [if the pleading] is so vague or ambiguous that the party cannot reasonably prepare a response." *Vargas ex rel. Alvarez v. Lincare, Inc.*, 134 F.4th 1150, 1163 (11th Cir. 2025) (quoting Fed. R. Civ. P. 12(e)). "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Faulk v. Home Oil Co.*, 173 F.R.D. 311, 313 (M.D. Ala. 1997) (quoting *Aventura Cable Corp. v. Rifkin/Narragansett S. Fla. CATV Ltd. P'ship*, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996)). "The motion . . . must point out the defects complained of and the details desired." *Fennell v. Valenza*, 2025 U.S. Dist. LEXIS 123650, at *4 (M.D. Ala. June 30, 2025) (quoting Fed. R. Civ. P. 12(e)).

In addition, "Rule 12(e) should be considered in conjunction with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Under Rule 8 of the Federal Rules of Civil Procedure, each factual allegation in a complaint should be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

**II.    BACKGROUND**

In his Complaint, Plaintiff Ricardo Villalta asserts various claims against Defendant in his individual and official capacity as Sheriff of Autauga County. Doc. 1 ¶ 2. Plaintiff alleges that Defendant's role as Sheriff gave him "legal custody and charge of all prisoners" and that Defendant both had the responsibility to contact Immigration and Customs Enforcement (ICE) if Defendant "believes that an individual is unlawfully in the United States," as well as that "ICE has the prerogative and discretion to request that the Sheriff's Office 'detain' or 'hold' an individual that is about to be release[d] from jail." Doc. 1 ¶¶ 7–9. Plaintiff alleges various steps related to ICE detainer requests and the detaining process for immigration enforcement. Doc. 1 ¶¶ 11–27.

Plaintiff claims that while he was at a gas station, he "was arrested by the City of Prattville's Police Department and charged with public intoxication." Doc. 1 ¶ 29. He then was taken into custody in the Autauga County Metro Jail in Autauga County, Alabama. Doc. 1 ¶ 30. Plaintiff claims that although he is a legal resident of the United States with "a valid Alabama-issued driver's license," Doc. 1 ¶¶ 28, 31, that "ICE was notified of [his] detention" and he was required to speak with an immigration agent while incarcerated. Doc. 1 ¶¶ 32–34. He also claims that his wife was told that "ICE had 'placed' an ICE

Detainer on [him]." Doc. 1 ¶ 35. Plaintiff alleges that "[t]he Sheriff's Office represented to Mr. Villalta and his family that, per ICE's request, Mr. Villalta would be turned over to ICE if he posted of a bond or at the end of his municipal case" and that "[t]he Sheriff's Office prohibit[ed] [him] from bonding out of jail." Doc. 1 ¶¶ 36–37.

Plaintiff asserts that for ten days he was held in the jail and then appeared before the City of Prattville's Municipal Court where he pleaded guilty to public intoxication. Doc. 1 ¶¶ 38–39. He claims he was sentenced at this hearing for a penalty "includ[ing] a fine, credit for time served," and that he was then ordered to be released from jail. Doc. 1 ¶ 39. He alleges that even though he was ordered to be released that day, on February 7, 2024, or the following day, he was actually held in the jail for 27 more days until he was released on March 5, 2024. Doc. 1 ¶¶ 39, 43–44. He asserts that Defendant and those "acting for and under the direction and supervision of" him discriminated against him based on his race and/or national origin, unlawfully seized and detained him without cause, unlawfully denied him due process, falsely arrested and imprisoned him, negligently and wantonly detained and falsely imprisoned him, acted negligently in hiring, training, and retaining deputies, agents and employees, violated his constitutional rights, and that he suffered injuries from these actions. Doc. 1 ¶¶ 51–58.

Following this factual narrative, Plaintiff asserts several counts against Defendant. In Count I, he asserts a claim pursuant to 42 U.S.C. § 1983 against Defendant for violation of his Fourth and Fifth Amendment rights for arresting and holding him in the jail "without cause, warrant, or a valid ICE detainer." Doc. 1 ¶¶ 59–69. In Count II, he asserts a § 1983 claim against Defendant for violation of his Fourteenth Amendment due process rights.

3

Doc. 1 ¶ 70. In Count III, he asserts a state law claim under Alabama law for false imprisonment. Doc. 1 ¶¶ 77–82. In Count IV, he asserts a negligence claim. Doc. 1 ¶¶ 83–89. Finally, in Count V, he asserts a wantonness claim. Doc. 1 ¶¶ 90–96.

## III.   DISCUSSION

Defendant argues in his motion that Plaintiff's Complaint "contains vague and contradictory factual allegations." Doc. 12 ¶ 3. Specifically, Defendant argues that "the complaint repeatedly contradicts itself about ICE detainer." *Id.* (citing Doc. 1. ¶¶ 13, 15, 61–63, 65–66). Defendant also argues that "the complaint needs to be amended to clarify facts related to Villalta's arrest." *Id.* ¶ 4. In support of this, Defendant alleges that the Complaint contradictorily claims Plaintiff was unlawfully arrested but also seems to claim that the charges were not challenged because he ultimately pleaded guilty to those charges. *Id.* ¶ 4. Defendant also takes issue with the fact that the arresting officer was a "separate and distinct law enforcement entity," for whose actions he "cannot be held liable." *Id.* ¶ 4. Defendant further contends that the allegations of negligence fail to assert "what [Defendant] has done that Plaintiff alleges amount to the breach of some specific duty," and that Plaintiff's Complaint fails to allege any "basis" for the wantonness claim. *Id.* ¶ 5–6.

In addition to these issues, Defendant argues that to the extent the claims are asserted against him in his official capacity, the Complaint needs to be amended because the Eleventh Amendment bars those claims. *Id.* ¶ 7 (citing *Newsome v. Lee Cnty.*, 431 F. Supp. 2d 1189, 1194 (11th Cir. 2006)). He also disputes the applicability of the Fifth Amendment, because "the Fifth Amendment due process clause does not apply to [Defendant] in his

4

official or individual capacities." *Id.* ¶ 8 (citing *Overcash v. Shelnutt*, 753 F. App'x 741, 747 (11th Cir. 2018)).

### A. <u>Eleventh Amendment Immunity</u>

Defendant argues he is protected from Plaintiff's claims against him in his official capacity by virtue of Eleventh Amendment immunity.

"Lawsuits against a state official in his or her official capacity are suits against the state when 'the state is the real, substantial party in interest.'" *Carr v. Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990) (quoting *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101 (1984)). "In the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.'" *Id.* at 1525 (alteration in original) (quoting *Pennhurst*, 465 U.S. at 100). "Congress has not abrogated eleventh amendment immunity in section 1983 cases." *Id.* Neither has the state of Alabama waived its immunity. *Id.*

"To determine whether a state official is covered by eleventh amendment immunity, we consider the laws of the state." *Id.* Even though the sheriff is paid by the county, "the sheriff is a state official." *Id.* at 1526. Thus, because the sheriff is a state official and Eleventh Amendment immunity has not been waived in § 1983 cases or by the state of Alabama, the Eleventh Amendment bars any claims asserted against the sheriff in his official capacity.

### B. <u>Fifth Amendment Violations</u>

Defendant argues that the Fifth Amendment is inapplicable to the facts in this case as the Fifth Amendment only applies to the federal government and there is no federal defendant named as a party.

The Fifth Amendment provides no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Where the acts complained of are committed by state (as opposed to federal) officials . . . '[t]he Fifth Amendment obviously does not apply.'" *Overcash*, 753 F. App'x at 747 (alteration in original) (quoting *Riley v. Camp*, 130 F.3d 958, 972 n.19 (11th Cir. 1997)).

Plaintiff has not named a federal official or federal government entity as a defendant. The only defendant named here is a state government official. For these reasons, Plaintiff's assertion that a state official violated his Fifth Amendment rights per § 1983 is not a valid claim.

### C. <u>Substantive claims</u>

Upon consideration of the allegations in the Complaint, the Court finds that a more definite statement is needed.

The § 1983 claim contained in Count I cites to contradictory facts related to the "ICE Detainer"; Plaintiff simultaneously claims that an issued ICE detainer was invalid (Doc. 1 ¶¶ 61–63) and that there was no ICE detainer (Doc. 1 ¶ 65). Plaintiff also makes contradictory statements about Defendant's responsibility for the ICE detainer. (Doc. 1 ¶¶ 63, 13–19). In Count I, it is also unclear which facts relate to which alleged violation of constitutional rights. The facts are stated in connection to "Fourth and Fifth Amendment

6

rights and in violation of Due Process." Doc. 1 ¶¶ 65–66. Within this Count, Plaintiff claims that Defendant was responsible for arresting and detaining Plaintiff. Doc. 1 ¶ 61. Plaintiff also claims that Defendant misrepresented that "ICE had requested an ICE Detainer," and also that the "ICE Detainer was issued without probable cause." Doc. 1 ¶¶ 62–63. Plaintiff argues that it was the ICE detainer that was an "unreasonable seizure" and deprivation of his Fourth and Fifth Amendment rights and due process. Doc. 1 ¶ 66. The claims about the ICE detainer are mixed in with the Fourth Amendment, Fifth Amendment, and Due Process claims, while simultaneously claiming that a different police department was responsible for the arrest and a different law enforcement entity is responsible for ICE detainers. This conflation of the claims makes the pleading unintelligible. Plaintiff does not articulate which facts support a Fourth Amendment Claim as well as a Fifth Amendment claim and a Due Process claim (presumably under the Fourteenth Amendment). Doc. 1 ¶ 68. Plaintiff also offers no clarity as to whether these claims are asserted against Defendant in his official or individual capacity. To the extent Plaintiff is asserting a Fourth Amendment or Fourteenth Amendment claim, these claims need to be pleaded distinctly and not merged into one section. Likewise, each claim must articulate facts related solely to that claim.

      Additionally, Count II seems to allege similar constitutional violations as the first count. Here, Plaintiff asserts a Fourteenth Amendment violation brought pursuant to § 1983 and states that Defendant "commit[ed] the common law tort of unlawful or false arrest, which violated [Plaintiff's] Fourth and Fifth Amendment rights." Doc. 1 ¶ 70. Rather than invoking any connection to the ICE detainer, these claims appear to involve only the "false arrest" and the detention of Plaintiff. However, Plaintiff fails to provide any factual context

alleging how Defendant was involved in Plaintiff's arrest; elsewhere in the Complaint, Plaintiff alleges the arrest was carried out by the Prattville Police Department. Doc. 1 ¶¶ 29, 70–72. In addition, because both Count I and II allege Fourth, Fifth, and Fourteenth Amendment violations related to arrest and unlawful detention, but Count I is distinguished by reference to the ICE detainer, it is unclear how to distinguish the constitutional violations from one another and whether these two Counts are actually the same. To the extent Plaintiff is asserting a Fourth Amendment or Fourteenth Amendment claim distinct from issues involving the ICE detainer, these claims need to be pleaded distinctly and not merged into one section. Likewise, each individual claim must articulate facts related solely to that claim.

Plaintiff also brings a negligence claim in Count IV. Plaintiff identifies various "duties" that Defendant allegedly violated, including the "duty to act reasonably," "duty to follow the constitution," "duty to only detain individuals through the authority of a valid warrant and/or ordered by the court," "duty not to discriminate," and "duty to properly and reasonably hire, train, supervise, and retain their deputies, employees, and/or agents." Doc. 1 ¶¶ 83–87. Apart from this conclusory list of duties owed to Plaintiff, the Complaint is bereft of factual matter concerning what the breach was. Doc. 1 ¶¶ 83–89. Rather than including factual matter that allows Defendant to understand what Plaintiff is claiming Defendant did negligently, Plaintiff merely states "Sheriff Harrell negligently breached their duties." Doc. 1 ¶ 88. This is a conclusory statement that gives no insight into the claim.

Likewise, Plaintiff's "Wantonness" claim in Count V contains the same list of duties identified in Count IV, but then simply states "[Defendant] wantonly or with knowledge that harm would likely or probably result, recklessly breached their duties." Doc. 1 ¶ 95. As Defendant argues, nowhere does Plaintiff provide insight into what acts or omissions Defendant committed with wantonness or knowledge.

The Court's review of a Rule 12(e) motion is guided by the pleading standard articulated in Rule 8(a)(2). *Fennell*, 2025 U.S. Dist. LEXIS 123650, at *4. This standard requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). As articulated above, the claims as alleged are "unintelligible," and lack the clarity required by the Federal Rules. *See* Fed. R. Civ. P. 8(a)(2).

To the extent Plaintiff is asserting constitutional violations, state law violations, and tortious claims of negligence and wantonness, Plaintiff must include factual matter that allows the Court and Defendant to distinguish the claims from one another and identify what Plaintiff is asserting Defendant did wrong. For example, the alleged constitutional violations in Counts I and II overlap with one another and also include multiple constitutional violations in each Count. In addition, the factual matter alleged concerning ICE appears to present contradictory information. Plaintiff is also silent as to whether the claims are asserted against Defendant in his official or individual capacity. In addition, the tort claims in Counts IV and V are comprised of multiple duties with no context as to how the duty was violated and whether the violation was committed in Defendant's official or individual capacity.

Given the pleading deficiencies described, it is ORDERED that Defendant's Motion is GRANTED and Plaintiff is ORDERED to file an Amended Complaint on or before **August 14, 2025**. The Amended Complaint must follow the instructions in this order and be in accordance with the Federal Rules of Civil Procedure and the following requirements of this Order:

a. The Amended Complaint must include a short and plain statement of Plaintiff's claims and identify, with factual allegations to support, any causes of action under which Plaintiff brings his claims;

b. The Amended Complaint must contain specific factual allegations about defendant's conduct (*i.e.*, what actions defendant took that constitute the basis for each claim Plaintiff alleges), clearly indicating which specific factual allegations provide support for which claims against the named defendant and noting the relevant dates of all such actions;

c. The Amended Complaint must be set out in numbered paragraphs, each limited as far as practicable to a specific set of circumstances, and, if doing so would promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count;

d. The Amended Complaint must exclude generalized and immaterial facts, statements, conclusions, and allegations not specifically related to Plaintiff's claims; and

DONE this 31st day of July, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE