# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| **RICARDO VILLALTA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:25-cv-207 |
| | ) |
| **MARK HARRELL,** | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | |

## AMENDED COMPLAINT

Plaintiff Ricardo Villalta amends and restates his complaint against Defendant Mark Harrell as follows:

## **PARTIES**

97. Plaintiff **Ricardo Villalta** is an individual over the age of nineteen (19) years.

98. Defendant **Mark Harrell** is, upon information and belief, a resident and the sheriff of Autauga County, Alabama. All claims herein against Harrell are brought against him in his individual capacity.

## **JURISDICTION & VENUE**

99. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 of Villalta's 42 U.S.C. § 1983 claim(s) because

Defendant Harrell, while acting under the color of state law, deprived Villalta of rights and privileges secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States as set forth herein, or otherwise failed to prevent or to aid in preventing such wrongs with knowledge that they were about to occur and with power to prevent.

100. This Court has supplemental jurisdiction under 28 U.S.C § 1367 of all state law claims which naturally flow from the § 1983 claim(s) set forth herein.

101. Venue is appropriate in this judicial district because all the facts and circumstances made the basis of this complaint occurred in the Northern Division of the Middle District of Alabama.

## FACTS COMMON TO ALL COUNTS

102. The Autauga County Metro Jail is operated and controlled by Autauga County Sheriff Mark Harrell, and he has legal custody and charge of all prisoners committed thereto. *See* Ala. Code § 14-6-1 ("The sheriff has the legal custody and charge of the jail in his or her county and all prisoners committed thereto, except in cases otherwise provided by law. The sheriff may employ persons to carry out his or her duty to operate the jail and supervise the inmates housed therein for whose acts he or she is civilly responsible. Persons so employed by the sheriff shall be acting for and under the direction and supervision of the sheriff and shall be entitled to the

same immunities and legal protections granted to the sheriff under the general laws and the Constitution of Alabama of 1901, as long as such persons are acting within the line and scope of their duties and are acting in compliance with the law.").

103. On January 27, 2024, while at a gas station in Prattville, Alabama, Mr. Villalta was arrested by the City of Prattville's Police Department and charged with public intoxication.

104. That same day, Mr. Villalta was taken to the Autauga County Metro Jail in Autauga County, Alabama, where he was booked into jail by the Sheriff's Office.

105. Ten days later, on February 7, 2024, the Sheriff's Office transported Mr. Villalta to the City of Prattville's Municipal Court where he appeared before a judge to answer to the charge of public intoxication.

106. Mr. Villalta pleaded guilty in open court to public intoxication. The Judge immediately sentenced Mr. Villalta to a fine and imprisonment, with full credit for time served, and ordered his release from jail. In fact, the judge even told Mr. Villalta that he would either be released that same night or the following morning.

107. Mr. Villalta was immediately taken back to the Autauga County Metro Jail but was not released. He was instead booked back into the jail without explanation.

108. The next morning, on February 8, 2024, Mr. Villalta's son, Ricardo Villalta, Jr., went to the Autauga County Metro Jail and spoke with Sheriff Harrell's deputies, agents, and/or employees to inquire about his father's release.

109. Ricardo Villalta Jr. told the deputies that they had to release his father based on the court's order. However, he was told by a deputy and agent of the Sheriff's Office that "that only happens in movies."

110. Neither Harrell nor anyone else at the jail released Mr. Villalta until March 5, 2024.

111. Consequently, Mr. Villalta was unlawfully and illegally detained and imprisoned for 27 days after he was sentenced to time served and ordered to be released from the Autauga County Metro Jail.

112. Each day, Mr. Villalta asked about his release, but was given no information or explanation.

113. During some or all of the 27 days where he was wrongfully imprisoned in the Autauga County Autauga Metro jail, Mr. Villalta shared a cell with an inmate who threatened to kill him and performed disturbing and grotesque acts in the cell. For example, Mr. Villalta's cellmate cut a whole in his sleeping mattress, filled it with water and white bread saved from the bologna sandwiches served in the jail, and then engaged in sex acts with the mattress.

114. Mr. Villalta complained to the Sheriff's deputies, agents, and/or

4

employees about his cellmate's behavior, but those complaints were ignored.

115. While awaiting release, Mr. Villalta lost weight due to stress and emotional anguish.

116. Mr. Villalta was deprived of his liberty and freedom.

117. Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell discriminated against Mr. Villalta based on his race and/or national origin.

118. Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell unlawfully seized Mr. Villalta's person by detaining him without any cause, after he was ordered to be released by the municipal judge.

119. Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell unlawfully denied Mr. Villalta his freedom and constitutionally-guaranteed due process of law.

120. Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell falsely imprisoned Mr. Villalta.

121. Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell negligently and wantonly detained and falsely imprisoned Mr. Villalta.

122. Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell violated Mr. Villalta's constitutional rights, and

discriminated against him based on his race, ethnicity, and/or national origin.

123. As a direct proximate result of the above actions by Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell, Mr. Villalta was injured, including but not limited to the following injuries: emotional distress, pain and suffering, mental anguish, loss of wages, loss of enjoyment of life, and loss of liberty.

## COUNT ONE
## 42 U.S.C. § 1983 – Violation of Constitutional and Fourteenth Amendment Rights

124. The Fourth Amendment to the U.S. Constitution prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment applies to the states through the Fourteenth Amendment. *See Gennusa v. Canova*, 748 F.3d 1103, 1109-10 (11th Cir. 2014) ("The Fourth Amendment, as applied to the states by way of the Fourteenth Amendment, protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'").

125. The Fifth Amendment to the U.S. Constitution provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Fifth Amendment applies to the states through the Fourteenth Amendment. *See Maryland v. Shatzer*, 559 U.S. 98, 103 (2010).

126. The Fourteenth Amendment provides that no state "shall … deprive any person of life, liberty, or property, without due process of law; nor deny to any person

within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The Fourteenth Amendment Due Process Clause includes the "right to be free from continued detention after it was or should have been known that the detainee was entitled to release." *Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009).

127. Under 42 U.S.C. § 1983, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

128. Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell, all while acting under color of law, unlawfully and unreasonably held and detained Mr. Villalta from February 7, 2024 to March 5, 2024 without cause, which constituted an unreasonable seizure and deprivation of life and liberty without due process in violation of Mr. Villalta's rights, privileges, or immunities secured by the Constitution and equal protection provided by the laws. Harrell is liable to Plaintiff under 42 U.S.C. § 1983.

129. Harrell's detention of Mr. Villalta from February 7, 2024 to March 5, 2024 involved reckless or callous indifference to Mr. Villalta's federally protected rights.

130. As a proximate and reasonably foreseeable result of the actions of Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell, Mr. Villalta suffered injuries and damages, including but not limited to humiliation, emotional distress, pain and suffering, mental anguish, loss of wages, loss of liberty, and loss of enjoyment of life.

## COUNT TWO
### Alabama False Imprisonment

131. Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell unlawfully detained and imprisoned Mr. Villalta and wrongfully restrained his freedom from February 7, 2024 to March 5, 2024. Said detention and imprisonment constituted "false imprisonment" under Ala. Code § 6-5-170, which is defined as the "the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty."

132. The harms and losses suffered by Mr. Villalta were caused through no fault of his own, but rather by the willful and reckless conduct of Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell.

133. As a proximate and reasonably foreseeable result of the actions and

false imprisonment by Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell, Mr. Villalta suffered injuries and damages, including but not limited to humiliation, emotional distress, pain and suffering, mental anguish, loss of wages, loss of liberty, and loss of enjoyment of life.

## COUNT THREE
### Negligence

134. Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell had a duty to act reasonably and with care for the rights and safety of others and to follow the Constitution and laws of the United States and Alabama.

135. Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell had a duty not detain or imprison Villalta in violation of his constitutional rights.

136. Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell negligently breached their duties by wrongfully and unlawfully detaining and imprisoning Mr. Villalta and restraining his freedom from February 7, 2024 to March 5, 2024 in violation of his constitutional rights.

137. As a proximate cause of the said negligent breaches of duty, Mr. Villalta suffered injuries and damages, including but not limited to humiliation, emotional distress, pain and suffering, mental anguish, loss of wages, loss of liberty, and loss

of enjoyment of life.

## COUNT FOUR
### Wantonness

138. Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell had a duty to act reasonably and with care for the rights and safety of others and to follow the Constitution and laws of the United States and Alabama.

139. Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell had a duty not detain or imprison Villalta in violation of his constitutional rights.

140. Sheriff Harrell and those "acting for and under the direction and supervision of" Sheriff Harrell wantonly or recklessly breached their duties by wrongfully and unlawfully detaining and imprisoning Mr. Villalta and restraining his freedom from February 7, 2024 to March 5, 2024 in violation of his constitutional rights.

141. Harrell's detention of Mr. Villalta from February 7, 2024 to March 5, 2024 involved reckless or callous indifference to Mr. Villalta's federally protected rights.

142. As a proximate cause of the said wanton or reckless breaches of duty, Mr. Villalta suffered injuries and damages, including but not limited to humiliation, emotional distress, pain and suffering, mental anguish, loss of wages, loss of liberty,

and loss of enjoyment of life.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Ricardo Villalta respectfully requests that this Honorable Court assume jurisdiction of this action and grant the following relief:

a. Award compensatory and punitive damages against Mark Harrell in an amount to be determined by the jury;

b. Award prejudgment interest on any award of damages to the extent permitted by law;

c. Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and under other applicable law; and

d. Grant any other equitable relief the Court or jury deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

Dated: August 1, 2025.

*/s/ Sigfredo Rubio*
Sigfredo Rubio
(ASB-5403-D62R)
Attorney for Ricardo Villalta
RUBIO LAW FIRM, P.C.

490 Wildwood N. Circle, Suite 150
Birmingham, AL 35209
Phone: (205) 443-7858
frubio@rubiofirm.com

*/s/ F. Taylor Rouse*
F. Taylor Rouse
(ASB-8709-R53M)
Attorney for Ricardo Villalta
RYAN & ROUSE, LLC
525 Madison Street SE, Suite 210
Huntsville, AL 35801
Phone: (256) 801-1000
taylor@alabamalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

FRED L. CLEMENTS, JR. (ASB-5682-R39C)
Attorney for Defendant Mark Harrell
WEBB MCNEILL FRAWLEY PC
One Commerce Street, Ste. 700 (36104)
Post Office Box 238
Montgomery, Alabama 36101-0238
(334) 262-1850 – T
(334) 262-1889 – F
fclements@wmwfirm.com

*/s/ Taylor Rouse*
Taylor Rouse

12