IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICARDO VILLALTA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:25-CV-207-KFP ) |
| MARK HARRELL, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Mark Harrell's Motion to Dismiss. Doc. 22. The motion is fully briefed and ripe for review. Upon consideration of the parties' filings, the Court finds that the motion is due to be granted.

### I.   BACKGROUND

In his Amended Complaint, Plaintiff Ricardo Villalta asserts various claims against Defendant, who is the Sheriff of Autauga County, Alabama, in his individual capacity. Doc. 21 ¶ 98. Plaintiff claims that on January 27, 2024, while he was at a gas station, he "was arrested by the City of Prattville's Police Department and charged with public intoxication." *Id.* ¶ 103. He then was taken into custody in the Autauga County Metro Jail in Autauga County, Alabama. *Id.* ¶ 104.

Plaintiff asserts that for ten days he was held in the jail and then appeared before the City of Prattville's Municipal Court where he pleaded guilty to public intoxication. *Id.* ¶¶ 105–06. He claims he was sentenced at this hearing for a penalty including "a fine and imprisonment, with full credit for time served," and he was then ordered to be released

from jail. *Id.* ¶ 106. He alleges that even though he was ordered to be released that day, on February 7, 2024, or the following day, he was held in the jail for 27 more days until he was released on March 5, 2024. *Id.* ¶¶ 106, 110–11. Plaintiff asserts that Defendant and those "'acting for and under the direction and supervision of" [Defendant] discriminated against" Plaintiff based on his race and/or national origin—by unlawfully seizing him and detaining him without cause, by unlawfully denying him due process, by falsely imprisoning him, and by "negligently and wantonly detain[ing]" him. Doc. 21 ¶¶ 117–22.

In Count I, Plaintiff asserts a civil rights claim pursuant to 42 U.S.C. § 1983 against Defendant for violating his due process rights. *Id.* ¶¶ 124–30. In Count II, he asserts a state law claim under Ala. Code. § 6-5-170 for false imprisonment. *Id.* ¶¶ 131–33. In Count III, he asserts a negligence claim. *Id.* ¶¶ 134–37. Finally, in Count IV, he asserts a wantonness claim. *Id.* ¶¶ 138–42.

## II.     STANDARD OF REVIEW

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and each factual allegation should be "simple, concise, and direct." Fed. R. Civ. P.

8(a)(2), (d)(1). To "state a claim to relief that is plausible on its face[,]" a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (first quoting *Twombly*, 550 U.S. at 570).

"The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. at 556). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Id.*

### III.   DISCUSSION

Defendant argues that Count I of Plaintiff's Complaint is due to be dismissed because Plaintiff has failed to state a claim for a violation of his constitutional rights under Section 1983. Alternatively, Defendant argues that he is entitled to qualified immunity for Plaintiff's Section 1983 claim. Defendant then argues that because Plaintiff's remaining Counts II–IV are purely state law tort claims, the Court should decline to exercise its discretion to retain supplemental jurisdiction over the state law claims and should dismiss these three counts as well. The Court will address these arguments in turn.

A.  **Plaintiff's Section 1983 claim is due to be dismissed.**[1]

Defendant argues that Plaintiff has failed to plead sufficient facts supporting a causal connection or personal action between Defendant and the alleged constitutional violations.

"It is well established that § 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). "[S]upervisors are liable under § 1983 'either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged

---

[1] Plaintiff's § 1983 claim alleges three separate constitutional violations (Fourth, Fifth, and Fourteenth Amendments). Defendant argues that these constitutional claims are due to be dismissed for Plaintiff's failure to state a claim. Plaintiff failed to present any argument in response to Defendant in relation to the dismissal of Plaintiff's Fourth and Fifth Amendment claims and only responded to Defendant's arguments concerning his Fourteenth Amendment claim. "[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed." *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (per curiam) (alteration in original) (quoting *Kramer v. Gwinnett Cnty., Ga.*, 306 F. Supp.2d 1219, 1221 (N.D. Ga. 2004)). Further, "[w]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." *Id.* (alteration in original) (quoting *Hudson v. Norfolk S. Ry. Co.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001)). As Plaintiff has failed to respond or address Defendant's argument, the Court finds Plaintiff has abandoned his Fourth and Fifth Amendment claims in Count I.

In any event, in relation to Plaintiff's Fifth Amendment claim, Defendant argues that the Fifth Amendment is inapplicable to the facts in this case as the Fifth Amendment only applies to the federal government and there is no federal defendant named as a party. The Fifth Amendment provides no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Where the acts complained of are committed by state (as opposed to federal) officials . . . '[t]he Fifth Amendment obviously does not apply.'" *Overcash v. Shelnutt*, 753 F. App'x 741, 747 (11th Cir. 2018) (per curiam) (alteration in original) (quoting *Riley v. Camp*, 130 F.3d 958, 972 n.19 (11th Cir. 1997)).

Plaintiff has not named a federal official or federal government entity as a defendant. The only defendant named here is a state government official. For these reasons, Plaintiff's assertion that a state official violated his Fifth Amendment rights per § 1983 is not a valid claim. Thus, Court finds, additionally, that Plaintiff's Fifth Amendment claim is due to be dismissed for failure to state a claim.

constitutional violation.'" *Id.* at 762 (quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003)). "A § 1983 claim requires proof of an affirmative causal connection between the defendant's acts or omissions and the alleged constitutional deprivation." *Spencer v. Benison*, 5 F.4th 1222, 1232 (11th Cir. 2021) (quoting *Troupe v. Sarasota Cnty.*, 419 F.3d 1160, 1165 (11th Cir. 2005)). "A causal connection can be established by, *inter alia*, 'facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Keating*, 598 F.3d at 762 (quoting *Gonzalez*, 325 F.3d at 1235).

Plaintiff argues that his "claims are not founded upon vicarious liability or respondeat superior," but that instead Plaintiff is only alleging that Defendant personally participated in the alleged constitutional violations. Doc. 25 at 11.[2]

Defendant argues that Plaintiff has failed to plead any facts alleging Defendant's personal participation in the constitutional violations. Doc. 23 at 8 (citing *Campbell v. Johnson,* 586 F.3d 835, 840 (11th Cir. 2009)). Plaintiff explains that he was "arrested by the City of Prattville's Police Department." Doc. 21 ¶ 103. Plaintiff further describes he was "booked into jail by the Sheriff's Office" and that the same "Sheriff's Office" then "transported" him to the City of Prattville's Municipal Court for his court appearance concerning his public intoxication charge. *Id.* ¶¶ 104–105. Plaintiff only identifies "Sheriff Harrell's deputies, agents, and/or employees" as individuals who Plaintiff claims were involved in preventing his release from jail. *Id.* ¶¶ 108–109. Further, the only time "Sheriff

---

[2] Similarly, Plaintiff makes no policy or custom allegation or argument.

Harrell" is named at all in any personal capacity in the Amended Complaint is in relation to a series of conclusory statements naming "Sheriff Harrell and those 'acting for and under the direction and supervision of' Sheriff Harrell" as responsible for his unlawful seizure, unlawful denial of freedom and due process, false imprisonment, negligent and wanton imprisonment, violation of constitutional rights, and discrimination. *Id.* ¶¶ 117–122.

These conclusory statements include no factual matter describing Defendant's personal participation—e.g. what specific actions he took, when he acted, how Plaintiff was harmed by Defendant's personal conduct or omissions, etc. Plaintiff has failed to articulate facts that plausibly support Defendant's personal participation in or any basis for a causal connection between his acts or omissions and the constitutional violation. For these reasons, the Court finds that Count I is due to be dismissed.[3]

### B. The Court will not exercise supplemental jurisdiction over Plaintiff's state law tort claims.

Defendant argues that due to the dismissal of the only claim arising under federal law, the remainder of Plaintiff's state law claims are due to be dismissed. Plaintiff argues in response that Defendant's "motion should be denied because this Court has jurisdiction over [Plaintiff's] § 1983 claim[.]" Doc. 25 at 14. However, Plaintiff concedes that if the

---

[3] Because this finding is dispositive, the Court need not address Defendant's qualified immunity argument further, as Plaintiff has failed to allege a plausible constitutional violation against Defendant. *See, e.g. Smith v. Dunn*, 2:21-cv-468-MHT-KFP, Doc. 114 (M.D. Ala. Sept. 30, 2025) at 13–14 (noting the two parts to a qualified immunity defense are whether plaintiff has established "a violation of a constitutional right" and whether "the right at issue was 'clearly established' at the time of defendant's alleged misconduct." (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (internation quotation omitted))). In *Smith*, the Court dismissed the plaintiff's § 1983 specific-risk claim alleging an Eighth Amendment violation because the plaintiff failed to plead enough facts to support a constitutional violation. *See id.*, Doc. 114 at 13–14, 38.

Court dismisses the § 1983 claim and declines supplemental jurisdiction, then "the other claims should be dismissed without prejudice[.]" Doc. 25 at 14.

"The application of supplemental jurisdiction is statutorily controlled by 28 U.S.C. § 1367." *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1566 (11th Cir. 1994). A "federal court has supplemental jurisdiction over state-law claims sharing a 'common nucleus of operative fact' with the federal-law ones." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 31 (2005). In other words, when "a district court has original jurisdiction over an action, it 'shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Greenway v. S. Health Partners, Inc.*, 827 F. App'x 952, 962 (11th Cir. 2020) (per curiam) (quoting 28 U.S.C. § 1367(a)). When "a district court dismisses a plaintiff's federal claims, [the Eleventh Circuit] ha[s] encouraged dismissal of the remaining state-law claims too." *Woods v. Comm'r*, 951 F.3d 1288, 1295 (11th Cir. 2020). In such a situation, "supplemental jurisdiction persists, [but] the district court need not exercise it," and "[i]nstead the court may (and indeed, ordinarily should) kick the case to state court." *Royal Canin*, 604 U.S. at 32.

Because the Court has found that Plaintiff failed to state a § 1983 claim, the only remaining claims are three state law claims (false imprisonment, negligence, and wantonness). The Court finds that comity and judicial economy are better served by declining to decide the state law claims, and those claims are due to be dismissed without prejudice. *See Woods*, 951 F.3d at 1295; *see also Rowe v. City of Fort Lauderdale*, 279

F.3d 1271, 1288 (11th Cir. 2002) ("Both comity and economy are served when issues of state law are resolved by state courts.").

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is GRANTED. It is further ORDERED that

1. Plaintiff's Fourth and Fourteenth Amendment claims in Count I are dismissed without prejudice;

2. Plaintiff's Fifth Amendment claim in Count I is dismissed with prejudice; and

3. Plaintiff's remaining tort claims in Counts II–IV are dismissed without prejudice.

The Clerk of the Court is DIRECTED to close this case.

DONE this 2nd day of October, 2025.

KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE